José S. AYBAR, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 785.   Argued July 13, 1931.—Decided July 28, 1931.

*Angel A. Vázquez* for petitioner. *Luis Vizcarrondo* for subrogee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The petitioner in this case alleges that Juan Alejandro Gutiérrez instituted a summary proceeding against him and his wife to foreclose a mortgage credit in the amount of $500 as principal, together with interest thereon and an additional sum of $100 for costs, expenses, and attorney's fees, in which proceeding a writ demanding payment (*requerimiento*) was issued and served on said petitioner and his wife; that subsequent to the commencement of said proceeding, Gutiérrez assigned, by a public deed, his mortgage credit to Francisco J. Torres, who filed in court a motion for an order directing a sale at public auction of the mortgaged property for failure on the part of the petitioner and his wife to pay the aforesaid sums within the thirty days granted to them in the formal demand for payment, and the court decreed such sale accordingly; that before the day set for

the public auction, Mrs. Ella Woods appeared in the summary foreclosure proceeding and alleged that she was a creditor of the mortgagee, petitioner herein, and that, having been served with notice of the summary proceeding, she deposited in court the sum of $600 to cover the principal amount, interest thereon, and stipulated costs of the mortgage credit, and prayed to be subrogated to the rights of the plaintiff, Torres; that notice of such deposit was not served either on the petitioner herein or his wife, and that the court held the deposit to have been properly made without any notice to the petitioner; that the latter moved for a reconsideration of the order declaring the deposit to have been properly made and Ella Woods subrogated to the rights and claims of Torres, and such motion was based on the ground that the 'writ demanding payment did not contain the statutory warning of the consequences to the petitioner if he failed to pay the sums claimed within a period of thirty days; that the subrogation in favor of Ella Woods ;was conventional and not embodied in a public instrument, nor recorded in the registry, nor had been notified to the petitioner; that said motion was denied as to the second particular thereof but sustained as regards the first, that is, the writ demanding payment, and the petitioner took an appeal to this Supreme Court; that on April 17, 1931, Ella Woods, in her capacity as subrogee, moved the court to issue a new writ demanding payment but failed to attach to such motion any public deed of subrogation, or any certificate of the registrar of property as to the existing liens on the mortgaged property; and that the court, on April 21, decreed the issuance of a new ,writ demanding payment directed to the petitioner and his wife requiring them to pay to Ella Woods within thirty days $500 as principal, legal interest thereon, and the $100 stipulated for costs, and this new ,writ was served like the previous one, but the petitioner and his wife filed in court a motion for reconsideration, which

was opposed in writing, and finally denied by the judge. The petitioner now alleges that the said writ demanding payment violates section 145 of the Mortgage Law, in that according to the record in the registry the interest on the loan was only secured for one year, which was the duration of the contract, and the petitioner and his wife were required to pay legal interest from March 20, 1929, and hence the writ is void, as it commands the payment of amounts not secured by the mortgage; that said writ was issued without notice to the petitioner, upon a motion filed by Ella Woods, who was not a party to the proceeding since her subrogation had been erroneously effected; that an appeal having been taken by the petitioner from the order denying his motion for the annulment of the subrogation of Ella Woods, the latter was precluded from taking any step in the summary proceedings, and that the action and decision of the court in regard to said writ of April, 1931, is illegal and void and in excess of its jurisdiction.

The petitioner also alleged that he had no other speedy and effective remedy than that of certiorari.

The writ of certiorari having been issued and a return thereto having been made, counsel for Ella Woods entered her objection and opposed the petition.

In passing upon the case at bar we now hold that, in view of the provisions of the sixth paragraph of subdivision 3 of article 175 of the Mortgage Regulations, the remedy by certiorari is not the proper one. Said paragraph reads as follows:

"All other claims that may be brought, either by the debtor or by third persons in possession and other persons interested, including those involving the nullity of the title or of the proceedings, or the maturity, truth, extinction or amount of the debt, shall be heard in the proper plenary action, without ever producing the effect of suspending or interfering with the execution proceedings. . . ."

If the proceedings complained of turn out to be void by reason of the acts of the subrogee, she will have to stand

the consequences of her own negligence or obstinacy by suffering the penalty of annulment that may be subsequertly declared pursuant to the proper action.

For the foregoing reasons, the writ issued must be discharged and the case remanded to the lower court for further proceedings.